

# CT Corporation

**Service of Process Transmittal**
01/24/2012
CT Log Number 519848886

**TO:** Betsy Bealer
Life Care Centers of America, Inc.
3570 Keith St, NW
Cleveland, TN 37312

**RE:** Process Served in Kansas

**FOR:** Life Care Centers of America, Inc. (Domestic State: TN)

RECEIVED JAN 25 2012
By: B Bealer
Life Care Legal & Risk Services

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Steve Norton, Individually, and as Personal Representative of the Estate of Groreta Chamberlain, and as Representative of the Heirs of Chamberlain, Pltf. vs. Life Care Centers of America, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Petition |
| **COURT/AGENCY:** | Butler County District Court, KS
Case # 2012CV28 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - Wrongful death - On or about August 2008 - Life Care of Andover - Failure to adequately monitor and assess Pltf.'s decedent's condition and whereabouts |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Inc., Topeka, KS |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/24/2012 postmarked on 01/23/2012 |
| **JURISDICTION SERVED:** | Kansas |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days of service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | J. Scoot Bertram
The Bertram Law Firm, LLC
4717 Ward Parkway
Suite 800
Kansas City, MO 64112
816-523-2205 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 797981990632
Email Notification, Betsy Bealer betsy_bealer@lcca.com |
| **SIGNED:** | The Corporation Company, Inc. |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 112 S.W. 7th Street
Suite 3C
Topeka, KS 66603 |
| **TELEPHONE:** | 800-592-9023 |

*Life Care Center of Andover*

Page 1 of 1 / JV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A

IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

STEVE NORTON, Individually, )
And as Personal Representative of )
The Estate of Groreta Chamberlain, and as )
Representative of the Heirs of Groreta Chamberlain )
1824 Stafford )
Wichita, KS 67211 )
)
                  Plaintiff, )
)
v.                                    )    Case No. 2012CV28
)
**LIFE CARE CENTERS OF AMERICA, INC.** )
d/b/a LIFE CARE CENTER of ANDOVER )
621 West 21st Street )
Andover, Kansas 67002 )
)
    Serve: Registered Agent )
           The Corporation Company, Inc. )
           112 SW 7th St., Ste. 3C )
           Topeka, KS 66603 )
)
                  Defendant. )

## SUMMONS

To the above-named Defendant **LIFE CARE CENTERS OF AMERICA INC.**, d/b/a **LIFE CARE CENTER:**

        Serve:         Registered Agent
                        The Corporation Company, Inc.
                        112 SW 7th St., Ste. 3C
                        Topeka, KS 66603

You are hereby notified that an action has been commenced against you in this Court. You are required to file your answer to the petition with the Court and to serve a copy upon the plaintiff's attorneys as follows:

J. Scott Bertram                            Michael Hodges
Daniel Magill                               HODGES LAW FIRM CHTD.
The Bertram Law Firm, LLC          13420 Santa Fe Trail Dr.
4717 Grand Ave., Suite 800           Lenexa, KS 66215
Kansas City, MO 64112

within 20 days after service of summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim, which you may have against the plaintiffs, must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

(Seal)                                              Clerk of District Court

Dated: 1/19/12                              By _____
                                                        Deputy

IN THE DISTRICT COURT OF BUTLER COUNTY, KANSAS

FILED
BUTLER COUNTY
DISTRICT COURT

'12 JAN 19 P12:24

CLERK OF DISTRICT COURT

BY_____

| | |
|---|---|
| STEVE NORTON, Individually, And as Personal Representative of The Estate of Groreta Chamberlain, and as Representative of the Heirs of Groreta Chamberlain 1824 Stafford Wichita, KS 67211<br><br>Plaintiff,<br><br>v.<br><br>LIFE CARE CENTERS OF AMERICA, INC. d/b/a LIFE CARE CENTER 621 West 21st Street Andover, Kansas 67002<br><br>Serve: Registered Agent The Corporation Company, Inc. 112 SW 7th St., Ste. 3C Topeka, KS 66603<br><br>Defendant. | Case No. 2012 CV 28 |

## PETITION PURSUANT TO CHAPTER 60

COMES NOW the Plaintiff, Steve Norton, individually and as Personal Representative of The Estate of Groreta Chamberlain, deceased, and as Representative of the heirs of Groreta Chamberlain, by and through his attorneys of record, and for his claims against the defendant, alleges and states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Steve Norton is an individual over the age of twenty-one and a resident of Sedgwick County, Kansas.

2. Plaintiff Steve Norton was the natural son of decedent Groreta Chamberlain and brings this wrongful death action pursuant to KSA 6-1901 *et seq.*, as the representative heir of Groreta Chamberlain.

3. Plaintiff Steve Norton was duly appointed Personal Representative of the Estate of decedent Groreta Chamberlain on January 19, 2012 in Butler County, Kansas

4. Plaintiff Steve Norton brings this survivorship action on behalf of the Estate of Groreta Chamberlain as the Personal Representative of the estate.

5. The defendant, Life Care of Andover (hereinafter referred to as "Defendant"), is a corporation licensed to provide nursing home care by the State of Kansas located at 621 W 21st St., Andover, KS 67002, and may be served process by serving its registered agent, 112 SW 7th St., Ste. 3C, Topeka, KS 66603.

6. The defendant, at all times mentioned herein, held itself out to the public, including Groreta Chamberlain and her family, as a skilled residential facility providing care to senior citizens in need thereof.

7. The events described in this petition occurred in Butler County, Kansas, and, as a result, jurisdiction and venue are proper in this Court.

8. Commencing on or about August, 2008, decedent Groreta Chamberlain was a resident of the nursing facility known as Life Care of Andover, and continued as a resident of the nursing home until on or about November, 2011.

9. During the time that she was a resident at Life Care of Andover, employees of Life Care of Andover were negligent in the care provided, causing decedent Groreta Chamberlain numerous injuries and causing her to suffer pain and mental anguish and causing

2

her to incur medical expenses, and said negligence directly contributed to cause her death on November 22, 2011.

  10. The defendant's negligence included:

    (a) Failing to adequately staff the facility;

    (b) Failing to adequately train the staff of the facility;

    (c) Failing to adequately monitor and assess plaintiff's decedent's condition and whereabouts;

    (d) Failing to provide reasonable and accessible means by which Groreta Chamberlain could contact defendant Life Care of Andover staff;

    (e) Failing to protect Groreta Chamberlain from falling and sustaining an intertrochanteric fracture of her right hip;

    (f) Failing to evaluate the effectiveness and side effects of medications ingested by plaintiff's decedent;

    (g) Failing to properly administer medications or therapies in a proper and timely manner;

    (h) Failing to instruct and reinstruct plaintiff's decedent of appropriate methods of ambulation;

    (i) Failing to maintain clear passages in defendant's facility for Groreta Chamberlain's safe mobility;

    (j) Failing to provide adequate instructions to plaintiff's decedent on how and when to contact defendant's staff;

    (k) Failing to document completely and accurately Groreta Chamberlain's medical records;

(l) Failing to complete Groreta Chamberlain's MDS with accuracy;

(m) Failing to make an accurate comprehensive multidisciplinary individualized care plan for Groreta Chamberlain;

(n) Failing to properly assess Groreta Chamberlain's fall risk and take necessary and appropriate fall risk precautions;

(o) Over-medicating Groreta Chamberlain; and

(p) Further particulars previously unknown to plaintiff Steve Norton which are believed will be discovered upon proper discovery within the litigation.

## COUNT I
## WRONGFUL DEATH

11. Plaintiff incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set out herein.

12. The defendant, through its agents, employees, ostensible agents and servants, owed Groreta Chamberlain the legal duty to provide medical care and treatment consistent with the then existing standards of care for healthcare providers of their professions.

13. The defendant, through the acts of its agents, employees, ostensible agents and servants, breached the applicable standards of care.

14. The deviations from the applicable standards of care occurred within the course and scope of the employment and/or agency of defendant's employees, agents, ostensible agents and servants.

15. Decedent Groreta Chamberlain died on November 22, 2011.

16. Defendant's negligence, as set out above, directly contributed to cause the death of Groreta Chamberlain on November 22, 2011.

4

17. As a direct and proximate result of the negligence, negligence per se, and carelessness of the defendant, plaintiff Steve Norton, and the other heirs of decedent, have sustained the following damages:

      (a)    Mental anguish, suffering and bereavement;

      (b)    Loss of society, companionship and comfort of decedent;

      (c)    Loss of parental care, training, guidance or education; and

      (d)    Funeral expenses for the deceased.

WHEREFORE, plaintiff prays for judgment in Count I of his Petition in his favor and against the defendant, Life Care of Andover, for damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) that is fair and reasonable, for his costs, and for such other relief as this Court deems just and proper.

## COUNT II
## SURVIVORSHIP ACTION

Comes now plaintiff and for Count II of this action alleges and states as follows:

18. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs of the Petition as though fully set out herein.

19. Defendant, through its agents, employees, ostensible agents and servants owed plaintiff's decedent, Groreta Chamberlain, a legal duty to provide medical care and treatment consistent with the existing standards of care for healthcare providers of their professions.

20. The defendant, through its agents, employees, ostensible agents and servants breached the applicable standards of care.

21. The deviations from the applicable standards of care occurred within the course and scope of the employment and/or agency of defendant's employees, agents, ostensible agents and servants.

22. As the direct and proximate result of the negligence and carelessness of defendant's agents, employees, ostensible agents and servants, decedent Groreta Chamberlain sustained the following injuries prior to her death:

    (a) Tremendous physical and mental pain and suffering;

    (b) Emotional distress;

    (c) Physical faculties deteriorated;

    (d) Substantial medical bills;

    (e) Plaintiff's decedent was deprived of the right of enjoyment of life.

WHEREFORE, plaintiff prays for judgment in Count II of his Petition against the defendant, Life Care of Andover, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) that the jury determines to be fair and reasonable, for his costs incurred herein, and for such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiff requests trial by jury on all counts of this Petition.

Respectfully submitted,

THE BERTRAM LAW FIRM, LLC

J. Scott Bertram – MO Bar # 23715
Daniel Magill, KS Bar #24268
4717 Ward Parkway, Suite 800
Kansas City, MO 64112
TEL: (816) 523-2205
FAX: (816) 523-8258

Michael Hodges, KS Bar 09860
HODGES LAW FIRM CHTD.
13420 Santa Fe Trail Dr.
Lenexa, KS  66215
Tel. (913) 888-7100
Fax (913) 888-7388

ATTORNEYS FOR PLAINTIFF

7